# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| REUBEN WEST, | : | |
| *Plaintiff,* | : | Case No. 1:22-cv-7 |
| | : | |
| vs. | : | Judge Jeffery P. Hopkins |
| | : | |
| UNLIMITED POTENTIAL PIZZA, INC., *et al.*, | : | |
| | : | |
| *Defendants.* | : | |

## ORDER

Pending before the Court are Defendants Unlimited Potential Pizza, Inc., DW & KV Pizza, Inc., Milford Pizza, Inc., Sandeaver, Inc., Symmes Pizza, Inc., TGD Food Group, Inc., Weaver Dream Team, Inc., and MaryLu Weaver, and JDMLB, Inc.'s (collectively, "Defendants") motions for a protective order, *see* Docs. 51, 53, and the opposition thereto. For the reasons set forth below, Defendants' motions are **GRANTED**.

## I.    LAW AND ANALYSIS

A district court may enter a protective order upon a showing of "good cause" by the party seeking protection. Fed. R. Civ. P. 26(c)(1). Rule 26(c) contemplates the issuance of protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," *see* Fed. R. Civ. P. 26(c)(1), where the moving party makes "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981)). Protective orders "are often blanket in nature, and allow the parties to determine in

the first instance whether particular materials fall within the order's protection." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

Defendants seek a protective order to guard against public disclosure of certain personal information, corporate proprietary information, financial information, trade secrets, and commercially sensitive business information. Plaintiff opposes the request because the proposed protective order would encompass wage records and payroll information for current and former delivery drivers, including non-parties. Doc. 56, PageID 958; Doc. 51, PageID 860. Plaintiff believes that the public interest in open records in wage and hour suits outweighs any annoyance, embarrassment, and/or oppression that may result from disclosure. Doc. 56, PageID 959. Defendants disagree, however, and advocate for an order that protects against the unauthorized disclosure of private non-party employee information. Doc. 51, 860–63.

There is a valid interest in protecting wage records and payroll information for non-party personnel under Rule 26(c)(1). *Knoll v. AT&T*, 176 F.3d 359, 365 (6th Cir. 1999) ("It is clear that defendants had a valid interest in the privacy of nonparty personnel files and that it was within the district court's power to grant the challenged protective order."). In fact, for that reason, courts in FLSA cases commonly permit protective orders that encompass wage and payroll information, or order disclosure of such information subject to protective orders. *See e.g.*, *Perez v. Jupada Enterprises, Inc.*, No. 10 CIV 3118, 2011 WL 501601 (S.D.N.Y. Feb. 14, 2011); *Jenkins v. White Castle Mgmt. Co.*, No. 12 C 7273, 2013 WL 5663644 (N.D. Ill. Oct. 17, 2023); *Huang v. Gateway Hotel Holdings*, No. 4:07CV00702, 2008 WL 586249 (E.D. Mo. Feb. 29, 2008); *Wright v. Aargo Sec. Serv., Inc.*, No. 99 CIV 9115, 2000 WL 264326 (S.D.N.Y. Mar. 9, 2000). *Cf. England v. Advance Auto Stores Co., Inc.*, No. 1:07CV-174-TBR, 2008 WL

11358128 (W.D. Ky. Dec. 9, 2008) (permitting protective order covering non-party employee wage and hour records in a case brought pursuant to the Kentucky Wages and Hours Act).

Plaintiff has presented no compelling reason that sets this case apart. Instead, much of the opposition here arises out of Plaintiff's anticipation that Defendant will seek to have such records filed under seal in this case. That, however, is a separate inquiry that is not presently before the Court. Even where a protective order exists, leave of court is required in order to file documents—even those subject to any protective order—under seal. *See* S.D. Ohio Civ. R. 5.2.1(a). Importantly, any motion to file a document under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), and it remains the Court's independent obligation to determine whether seal is appropriate. When tasked with such a determination, the Court will decide whether there are compelling reasons that justify non-disclosure of judicial records in this case. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

## II.    CONCLUSION

Defendants' motions for protective order (Docs. 51, 53) are therefore **GRANTED**. Defendants are **ORDERED** to submit a Word version of the proposed protective order (Doc. 51-1) to the Court by email to Hopkins_Chambers@ohsd.uscourts.gov **within fourteen (14) days of entry of this Order**. The Court may, in its discretion and in consultation with counsel, propose case-specific modifications. Should the parties wish to confer and instead jointly submit a proposed protective order, they may do so within fourteen (14) days of entry of this Order. Counsel are reminded that one-tier and two-tier form protective orders are available on the Court's website at https://www.ohsd.uscourts.gov/ohio-southern-district-forms.

**IT IS SO ORDERED.**

March 18, 2024

Jeffery P. Hopkins
United States District Judge